# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Ernest Wilkeson,<br><br>        Plaintiff,<br><br>    v.<br><br>Shawn Byrd the Empowerment Cener of Southern Nevada,<br><br>        Defendants. | Case No. 2:24-cv-00479-RFB-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Plaintiff John Wilkeson filed a "Motion for Hearing." ECF No. 7. The motion refers this Court to attached documents, which appear at ECF No. 9. Based on the review of those documents, it appears Plaintiff is seeking injunctive relief. As explained below, Plaintiff must show a likelihood of success on the merits before a court will grant a request for a preliminary injunction. Wilkeson has not shown a likelihood of success on the merits of his claims at this juncture as the Court has not received a complaint that is complete in and of itself. In addition, once the Court receives such complaint, this Court must screen it to ensure he states a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). On this basis, the Court will recommend that his Motion for a preliminary injunction be denied.

## I.    LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this extraordinary remedy, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id.* The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *LIT Ventures, LLC v. Carranza*, 457 F. Supp. 3d 906, 908 (D. Nev. 2020) (citing *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

## II. DISCUSSION

Wilkeson requests an injunction to stop/revert certain hazardous conditions at the place where he resides. Wilkeson has not yet filed a complaint that is complete in and of itself. In turn, this Court has not been able to screen it to ensure that he has stated a claim upon which relief can be granted or whether he is likely to succeed on the merits. As a result, Wilkeson has failed to establish a necessary element for the relief he seeks. Accordingly, the Court will recommend that Wilkeson's motion be denied.

## III. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motions for a Preliminary Injunction (ECF No. 7) be **DENIED**.

**IT IS ORDERED** that Plaintiff shall have until April 26, 2024, to file a complaint that is complete in and of itself.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 26, 2024.

_____
Brenda Weksler
United States Magistrate Judge